■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL P. BOUTIN, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered February 5, 1987, upon a verdict convicting defendant of two counts of the crime of criminally negligent homicide.

The issue here is whether the evidence presented was sufficient to sustain the jury's verdict that defendant was guilty of two counts of criminally negligent homicide. Defendant's conviction stems from a collision between defendant's tractor trailer and a parked State Police car, which was propelled into a disabled tractor trailer standing in front of it. The crash occurred at 10:45 P.M. on November 26, 1985 on the southbound side of Interstate Route 87, some 1,440 feet south of the exit 13 interchange. Route 87 has three lanes at this point, each 12 feet wide. The police car and the tractor trailer were partially in the right driving lane. The car had its four wheels on the road pavement, blocking six feet of the driving lane. The truck also extended into the driving lane some six feet. The police car had its emergency lights on, including the bubble, rear lights and flashers, and its left spotlight was shining on the disabled truck. The night was dark, overcast, foggy and rainy. The pavement was wet with slush on it.

Defendant was driving a tractor trailer carrying a 62,000-pound load. His speed was read on the speedometer by Daniel Mallette, the passenger in his truck, as 40 to 45 miles per hour, and was estimated by the People's reconstruction witness, William Burrill, as either 50 to 60 miles per hour or, as testified by this witness at trial, 60 to 65 miles per hour. Close to the scene of the collision, Mallette said defendant's eyes were fixed ahead and that defendant carried on a conversation with him. Some 200 feet from impact, he saw defendant's eyes move toward the cab's mirrors. Defendant then exclaimed,

"Whoa!", stepped on the brakes but, nonetheless, struck the police car, propelling it into the disabled truck and killing the State Trooper and the driver of the other truck. Both men had been seated in the police car. When defendant was queried by police at the scene as to what happened, he said, "I killed him." Defendant said he was just driving along. When asked whether he had seen the flashing lights on the police car defendant responded, "There were no lights", or "I didn't see them."

It is defendant's contention that his failure to avoid the devastating collision does not rise to the level of criminally negligent homicide in that it was not a gross deviation from the standard of reasonable care. Defendant urges that he was driving at a reasonably cautious speed; that he was looking ahead; that inclement weather obscured his vision; that the exact location of the police vehicle on the highway was not perceivable by him until he was 200 feet from it; that the witnesses who, like he, passed the area, going north or south, all perceived the car and truck to be on the shoulder of the road; and that the road condition, his position in the right-hand lane, and the 62,000-pound load he carried, made timely evasive action impossible.

The People contend, on the other hand, that defendant's failure to be aware of the situation down the road, highlighted as it was by the police car's emergency lights, visible to others who passed the vehicle during a relevant time frame from distances of 1,400 feet to 2,400 feet, and defendant's failure to slow down until the true nature of the circumstances down the road became clear was so gross a lack of care as to constitute criminally negligent homicide.

Commencing with the Court of Appeals thorough discussion of the culpability involved in criminally negligent homicide contained in *People v Haney* (30 NY2d 328), and the plethora of subsequent cases, it is clear that awareness of the risk involved determines culpability. Failure to perceive a substantial and unjustified risk of death inherent in one's acts is the litmus test of criminally negligent homicide. "[C]riminal liability cannot be predicated upon every careless act * * * 'unless "the significance of the circumstances of fact would be apparent to one who shares the community's general sense of right and wrong" ' " *(People v Haney, supra,* at 335, quoting Model Penal Code, Tent Draft No. 9 § 201.4, at 53 [May 8, 1959]).

This case, when all circumstances are weighed, leaves unanswered the question of how this defendant, driving a truck whose maneuverability was affected by the heavy load it

carried, obliged as he was to keep a lookout ahead, failed to perceive the blaze of emergency lights ahead. Despite poor weather conditions and considering all other factors, including defendant's position in the right-hand driving lane, we believe that the evidence proves beyond a reasonable doubt that had he been alert as the law charged him to be, he would have seen the lights ahead and should then have taken reasonable precaution to discern the nature of the problem ahead. Defendant's failure to see and his continuation in an undeviating path, without reducing his speed, are sufficient to support his conviction of criminally negligent homicide. The most telling evidence against defendant is that neither he nor Mallette ever observed the lights ahead. There simply is no excuse for such failure on defendant's part.

Defendant raises other issues for our resolution: prejudicial conduct on the part of the prosecution, improper conduct of a bailiff, coercive action by jurors against a holdout juror, and errors in evidentiary rulings and instructions. We find no merit to these contentions.

Finally, on the question of whether the sentence of six months' imprisonment and five years' probation was excessive, we decline to intrude on the discretion of County Court. Finding no abuse of discretion (see, People v Thiel, 25 NY2d 926), the judgment should be affirmed in all respects.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.